UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RENEE M. HAWKINS, individually and on behalf of others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | 2:11-cv-283-JMS-WGH |
| ALORICA, INCORPORATED, | ) ) ) | |
| *Defendant*. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint filed March 28, 2012. [Dkt. 53.] Defendant filed its Opposition to Plaintiff's Motion on April 5, 2012 [dkt. 55], and Plaintiff filed a reply brief on April 9, 2012 [dkt. 56].

**I.    Discussion**

Plaintiff, Renee M. Hawkins, brought this action individually, as a collective action, and as a class action on behalf of herself and all similarly situated employees in the Terre Haute call center of Defendant, Alorica, Incorporated. [Complaint ¶ 17.] Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and Section 22-2-5 of the Indiana Code by failing to pay employees at the Terre Haute call center wages and overtime for pre- and post-shift work. [*Id*. ¶¶ 17, 38.] Plaintiff's Motion for Leave to Amend Complaint seeks to add allegations that Defendant engaged in additional violations of the FLSA and Section 22-2-5 of the Indiana Code by failing to pay employees for breaks of less than 20 minutes.

The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules

of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. Fed. R. Civ. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, there has been no showing by Defendant that allowing Plaintiff to file the Amended Complaint would be futile. Defendant's only arguments are that Plaintiff has unduly delayed filing her Motion for Leave to Amend Complaint and that Defendant would suffer undue prejudice if Plaintiff was permitted to amend the Complaint.

As for the issue of undue delay, Defendant argues that the parties agreed in their Case Management Plan that the deadline for filing any motions for leave to amend the pleadings was March 1, 2012, and that Plaintiff's Motion for Leave to Amend Complaint is untimely because it was filed 27 days after the deadline expired. However, the Court notes that the parties had a discovery dispute over payment records that was not resolved until the Court conducted a Hearing on March 22, 2012. [*See* dkt. 50.] Plaintiff alleges that, only after receiving the payment records and having had an opportunity to review them, did she discover the alleged failure to pay for the break time. Because Plaintiff has indicated that she promptly moved to amend her Complaint after reviewing the payment records, the Court concludes that there was no undue delay.

With regard to Defendant's allegations of undue prejudice, Defendant argues that amendment of the Complaint "materially disrupts the scheduling plan and order in this case" because depositions were to be scheduled in early April and because Defendant's response to Plaintiff's Motion for Class Certification is due at the end of April, and allowing the amendment would push back the deadlines for these matters.[1]  "[V]irtually every amendment of a complaint results in some degree of prejudice to a defendant, in that the new discovery generally will be delayed.  Thus, it is not enough that a defendant will suffer prejudice from the amendment, that prejudice must be undue." *North Eastern Mining Co. v. Dorothy Coal Sales, Inc.*, 108 F.R.D. 657, 660 (S.D. Ind. 1985).  The Court concludes that allowing amendment of the Complaint under these circumstances, which would require a minimal alteration in the discovery schedule and Defendant's time to respond to Plaintiff's Motion for Class Certification, does not amount to undue prejudice.

## II.     Conclusion

For the reasons outlined above, Plaintiff's Motion for Leave Amend Complaint, [dkt. 53] is **GRANTED**.  The Clerk of the Court is directed to file Plaintiff's First Amended Complaint.

**SO ORDERED**.

Dated:   04/12/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] Defendant requests that, if the Court grants Plaintiff's Motion for Leave to Amend Complaint, it be granted an additional 45 days to complete discovery on the new allegations and an additional 30 days to respond to Plaintiff's Motion for Class Certification.  Defendant is instructed to make such request by separate motion.

**Electronic copies to:**

Peter N. Farley
SUTHERLAND ASBILL AND BRENNAN LLP
peter.farley@sutherland.com

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP
gguevara@boselaw.com

Katherine   Kendricks
SUTHERLAND ASBILL AND BRENNAN LLP
katherine.kendricks@sutherland.com

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Allegra J. Lawrence-Hardy
SUTHERLAND ASBILL AND BRENNAN LLP
allegra.lawrence-hardy@sutherland.com

Kurt E. Lentz
SUTHERLAND ASBILL AND BRENNAN LLP
kurt.lentz@sutherland.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com