UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RENEE M. HAWKINS, individually and on be-        )
half of others similarly situated,              )
       *Plaintiff*,                               )
                                                )        2:11-cv-00283-JMS-WGH
       *vs.*                                    )
                                                )
ALORICA, INC.,                                  )
       *Defendant*.                              )

## ORDER

Presently before the Court in this action brought under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Act ("IWPA") are Plaintiff Renee Hawkins' Motion for Permissive Joinder of Twelve Party Plaintiffs, [dkt. 99], and Motion to Determine Validity of Written Notices of Consent Filed by Twelve Opt-In Plaintiffs or, in the Alternative, Motion for Equitable Tolling of Statute of Limitations, [dkt. 100]. For the following reasons, the Court denies both motions.

## I.
### BACKGROUND

Alorica, Inc. ("Alorica") operates a call center in Terre Haute, Indiana. [Dkt. 61-3 at 2, ¶¶ 2-3.] Ms. Hawkins, who was employed as a customer service representative ("CSR") at the Terre Haute call center, [dkt. 58 at 3, ¶ 3], initiated this litigation on October 18, 2011, [dkt. 1], and filed the operative Amended Complaint on April 12, 2012, [dkt. 58]. She asserted claims against Alorica on behalf of herself and all similarly-situated current and/or former hourly-paid employees of Alorica who worked at the Terre Haute call center for failure to pay minimum and

- 1 -

overtime wages under the FLSA, 29 U.S.C. § 216(b), and on behalf of a class of current and former Alorica employees for unpaid wages under the IWPA, I.C. 22-2-5.  [*Id.*]

Subsequently, Ms. Hawkins sought conditional certification of two classes under the FLSA:  (1) the pre- and post-shift work class, which included certain Alorica employees who, Ms. Hawkins alleges, were not paid regular or overtime wages for time spent on pre- and post-shift work activity; and (2) the unpaid breaks class, which included certain Alorica employees who, Ms. Hawkins alleges, were not paid regular or overtime wages for time spent in a work rest period or break of less than twenty minutes.  [Dkts. 36; 77.]  Ms. Hawkins also sought certification of the same classes under the IWPA pursuant to Federal Rule of Civil Procedure 23.  [*Id.*]

In a September 25, 2012 Order, this Court denied collective and class certification of the pre- and post-shift work class, but conditionally certified the unpaid breaks class under the FLSA, and certified that class under the IWPA.  [Dkt. 98.]  For purposes of her pre- and post-shift work claims, Ms. Hawkins now seeks to join as party plaintiffs twelve individuals[1] who filed notices of consent to become a party plaintiff before the Court's September 25, 2012 Order. [Dkt. 99; *see also* dkts. 8-9; 25; 35; 39; 46-48; 52; 54; 75; 91.]  Ms. Hawkins also requests that the Court determine the validity of the notices of consent filed by the twelve individuals or, in the event the Court denies her Motion for Permissive Joinder, toll the statute of limitations for the twelve individuals' FLSA pre- and post-shift work claims for the time from when Ms. Hawkins filed her Motion for Permissive Joinder (September 26, 2012) to the date of this Order. [Dkt. 100.]

---

[1] The twelve individuals are Jennifer Cree, Sammie Wickiser, Christopher Brown, Carrie Regynski, Angela Paul, Tondra Matheney, John Matheney, Charla Stewart, Christine Griffin, Monica Townsend, Keri Craffets, and Ashley Fink.  [Dkt. 99 at 1.]

# II.
## DISCUSSION

### A.  Motion for Permissive Joinder of Twelve Party Plaintiffs

*1.  Standard*

Federal Rule of Civil Procedure 20 states:

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Rule 20 is designed to "promot[e]…efficiency, convenience, consistency, and fundamental fairness." *Elite Enters. v. ASC, Inc.*, 2005 U.S. Dist. LEXIS 28577, *6 (N.D. Ind. 2005) (citations omitted).  "These policies, not a bright-line rule, control whether the requirements imposed by Rule 20(a) have been satisfied." *Id.*

In addition to the requirements of Rule 20, a court must consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."  *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 56 (7th Cir. 1982).   A motion for joinder should be denied if joinder will create "prejudice, expense or delay."  *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (citation omitted).

*2.  Whether Joinder is Appropriate Here*

Ms. Hawkins argues that the twelve individuals should be joined as party plaintiffs because: (1) they are already party plaintiffs for their unpaid breaks claims by virtue of the Court's certification of that class and their notices of consent to opt in as party plaintiffs; (2) they "all also have claims identical to those of [Ms. Hawkins] regarding unpaid wages related to pre and

post-shift work required of each by Alorica"; and (3) joinder is appropriate "[f]or purposes of consistency and judicial economy" since the parties have already engaged in some discovery regarding the twelve individuals, "many, if not all, of the twelve [individuals] will rely upon one another and [Ms. Hawkins] as witnesses at trial," "the group will commonly rely upon their former supervisors," and without joinder "the parties will likely duplicate significant expenses." [Dkt. 99 at 2-6.]

Alorica opposes joinder, asserting that the requirements for joinder are absent because: (1) the twelve individuals all have "highly individualized experiences related to alleged pre-shift and post-shift work which is dependent on a variety of factors…"; (2) if joinder is allowed, individualized issues "would overwhelm any minimal similarities they share"; and (3) substantial discovery is still necessary, and "[i]t would not be efficient or consistent under Rule 20 to have multiple plaintiffs on different discovery and pretrial tracks joined in the same action."  [Dkt. 104 at 3-5.]

While there is "no hard and fast rule for determining whether a particular situation constitutes a single transaction or occurrence for purposes of Rule 20," courts will analyze the facts of each case and consider "when the alleged conduct occurred, whether the same people were involved, whether the conduct was similar, and whether it implicated a system of decision-making or widely-held policy."  *Martinez v. Haleas*, 2010 U.S. Dist. LEXIS 31498, *8 (N.D. Ill. 2010). Courts which consider whether joinder of party plaintiffs is appropriate are often asked to do so either before a motion for class certification has been ruled upon, or outside of the class context. Conversely, here, Ms. Hawkins moves for joinder, [dkt. 99], *after* the Court has already decided that her pre- and post-shift claims are inappropriate for class treatment, [dkt. 98].

At least one district court sitting in the Seventh Circuit granted a motion to dismiss for misjoinder of newly added plaintiffs after it declined to certify a class of individuals who allegedly had been arrested by a City of Chicago police officer in separate incidents, but asserted the same claims against the officer. *Martinez*, 2010 U.S. Dist. LEXIS 31498. The court found that joinder was inappropriate where the improperly joined plaintiffs' arrests each had its "own unique facts," where "[e]ach plaintiff will have different witnesses and testimony to support his claim," and where the defendant "will no doubt have his own version of each incident." *Id.* at *10-11. The court specifically noted that it had already denied plaintiff's motion for class certification for failure to demonstrate that common questions would predominate over individual ones, and that "[t]he same logic applies" to the joinder issue. *Id.* at *8.

Similarly, here the Court has already found that Ms. Hawkins did not show that Alorica had a policy or practice of requiring CSRs to perform pre- and post-shift work without compensation, [dkt. 98 at 12-14, 21], and therefore had not established that she was similarly situated to other putative class members or that Rule 23(a)'s commonality requirement was satisfied. While the Court is mindful that the standard for showing joinder is appropriate may not be as stringent as the standard for class certification, *Eclipse Mfg. Co. v. M&M Rental Ctr., Inc.*, 521 F.Supp.2d 739, 745 (N.D. Ill. 2007), it finds that the individualized issues discussed in its Order denying conditional and class certification for the pre- and post-shift work class, [dkt. 98], make joinder of the twelve individuals inappropriate here.

Further, because the Court has already found that Ms. Hawkins has not shown there was a company-wide policy at the Terre Haute call center to require unpaid pre- and post-shift work – rather, what CSRs were told regarding pre- and post-shift work varied depending upon who their supervisors were – trying the claims of CSRs who were instructed differently would create the

risk of prejudice to Alorica and potentially lead to confusion if the claims were tried together, before one jury.  *See McDowell v. Morgan Stanley & Co.*, 645 F.Supp.2d 690, 696 (N.D. Ill. 2009) ("should these claims be tried together, before a single jury, the risk of confusion, prejudice, overlapping proof and duplicative testimony would be substantially increased, given the differences between each of the Plaintiffs' situations.  At trial, the parties would likely call to testify the individual Plaintiffs, their supervisors, co-workers and witnesses from each individual office.  Such testimony is highly individualized…").[2]

Accordingly, the Court finds that joinder of the twelve individuals is not warranted here, and denies Ms. Hawkins' Motion for Permissive Joinder of Twelve Party Plaintiffs.

**B. Motion to Determine Validity of Written Notices of Consent Filed by Twelve Opt-In Plaintiffs or, in the Alternative, Motion for Equitable Tolling of Statute of Limitations**

Because the Court is denying Ms. Hawkins' Motion for Permissive Joinder, it also denies as moot the portion of her Motion to Determine Validity of Written Notices of Consent Filed by Twelve Opt-In Plaintiffs or, in the Alternative, Motion for Equitable Tolling of Statute of Limitations that seeks a determination regarding the validity of the notices of consent.  The Court will consider, however, the remainder of the motion, which asks the Court, in the event it denies the Motion for Permissive Joinder (as it has), to toll the statute of limitations for the twelve individuals' FLSA pre- and post-shift work claims from the date the Motion for Permissive Joinder was filed to the date of this Order.

---

[2] As to Ms. Hawkins' argument that joining the twelve individuals as plaintiffs here would be efficient in terms of future discovery, the Court notes that, to the extent the twelve individuals file separate lawsuits for their pre- and post-shift work claims and are then deposed in this case regarding their unpaid breaks claims, counsel for those individuals and counsel for Alorica are free to agree to cover topics relevant to both lawsuits during a single deposition and, thus, conserve resources.  The Court can also enlist one magistrate judge to manage discovery of all of the cases.

### 1. Standard

As a general rule, equitable tolling may allow a late FLSA claim under three circum-stances: (1) where the defendant has misled the plaintiff about his cause of action; (2) where the plaintiff has been prevented in some extraordinary way from asserting his rights; or (3) where the plaintiff has timely asserted his rights in the wrong forum. *Veerkamp v. United States Sec. As-socs.*, 2006 U.S. Dist. LEXIS 71368, *15 (S.D. Ind. 2006).  Where a potential plaintiff has af-firmatively opted-in to a suit, the statute of limitations stops running on the date he or she files a written consent. *Powers v. Centennial Communs. Corp.*, 2010 U.S. Dist. LEXIS 18397, *6 (N.D. Ind. 2010).

### 2. Whether Tolling is Appropriate Here

Ms. Hawkins seeks to have the statute of limitations for the twelve individuals' FLSA pre- and post-shift work claims tolled from the date of her Motion for Permissive Joinder to the date of this Order, [dkt. 100 at 5-6], apparently believing that the statute of limitations began running again on September 25, 2012, when the Court denied her motion to collectively certify the FLSA pre- and post-shift work class.  The Court declines to decide whether it should toll the statute of limitations for the twelve individuals' FLSA pre- and post-shift work claims because those individuals are not parties to this litigation for purposes of those claims.  To decide the toll-ing issue for non-parties would be to issue an advisory opinion, which the Court is prohibited from doing. *Merriweather v. Southwest Research Inst.*, 2010 U.S. Dist. LEXIS 131811, *6 (S.D. Ind. 2010) (declining to rule on tolling issue for FLSA plaintiffs who had been excluded from certified class because such a ruling would be advisory in nature). *See also FCC v. Airadigm Communs., Inc.*, 616 F.3d 642, 654 (7th Cir. 2010) ("federal courts are not authorized to issue

advisory opinions"). To the extent the twelve individuals decide to file their own lawsuits to assert their pre- and post-shift work claims, the tolling issue is properly decided by those courts.

**III.**

**CONCLUSION**

For the foregoing reasons, both Ms. Hawkins' Motion for Permissive Joinder of Twelve Party Plaintiffs, [dkt. 99], and her Motion to Determine Validity of Written Notices of Consent Filed by Twelve Opt-In Plaintiffs or, in the Alternative, Motion For Equitable Tolling of Statute of Limitations, [dkt. 100], are **DENIED**.

10/30/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Peter N. Farley
SUTHERLAND ASBILL AND BRENNAN LLP
peter.farley@sutherland.com

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP
gguevara@boselaw.com

Katherine Kendricks
SUTHERLAND ASBILL AND BRENNAN LLP
katherine.kendricks@sutherland.com

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Allegra J. Lawrence-Hardy
SUTHERLAND ASBILL AND BRENNAN LLP
allegra.lawrence-hardy@sutherland.com

Kurt E. Lentz
SUTHERLAND ASBILL AND BRENNAN LLP
kurt.lentz@sutherland.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Caitlin M Miller
HUNT, HASSLER & LORENZ
miller@huntlawfirm.net